## SHIPLEY *v.* STATE

[No. 124, October Term, 1954.]

*Decided April 15, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*R. Palmer Ingram,* with whom were *Ernest L. Perkins* and *Malcolm J. Coan,* on the brief, for appellant.

*Walter W. Clagett, Special Assistant to the Attorney General,* with whom were *Ferdinand L. Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City* and *James W. Murphy, Assistant State's Attorney,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

It is contended on this appeal that the verdict of the trial court, sitting without a jury and finding the appellant guilty of violating the lottery law, was clearly erroneous. It was stipulated that on July 16, 1954, Ser-

geant McKay and his colleagues, armed with a proper search warrant, arrested the accused and searched his automobile. They found no lottery slips or tapes, but found on his person four paper bags, containing various sums of money, and another paper bag in the glove compartment of his automobile, containing $20.78, all having the amounts contained in the bags marked on the outside. In one of his pockets they found $160.00 in bills and $19.89 in change; in another $113.00 in bills.

One of the paper bags had written on it the numeral "83", another bag the letter "B", and still another the letter "B" with a circle around it. Sergeant McKay, produced by the State and qualified as an expert, testified without objection that "from my past experience, I believe the numbers on those bags to be lottery code numbers, money that is taken from different writers, and turned over to a pickup man. From my past experience, one man carries the money today, and the other carries the slips to headquarters. They don't do like they used to, carry the slips and money together, but now they carry them separately. If they get caught, they will lose either the money or the slips." The appellant took the stand and testified that he operated a confectionery store and the money in the bags had been collected in connection with that business. He did not attempt to explain the notations. At the time of the trial he was serving a sentence for another lottery conviction, and admitted to a similar conviction in 1948. The court found that the paper bags were in fact lottery records and records of money received from the sale of lottery tickets, under the fifth count of the indictment.

The appellant contends that despite his failure to object to the question put to the State's witness, or to make a motion to strike, the testimony had no probative force. He points out that the notations on the bags were not in the nature of an esoteric code requiring interpretation by an expert, as in *Chernock v. State*, 203 Md. 147, or lottery numbers in the usual sense, as in *King v. State*, 201 Md. 303, or hieroglyphics, as in *Nolan v. State*, 157

Md. 332. This is simply a matter of degree. We are not called upon to express an opinion as to whether the notations were inadmissible because of such a character as not to call for expert opinion, since the testimony came in without objection. We are not prepared to hold that the opinion was without probative force. The explanation of the experienced police officer as to the progress of the art and the improved business method is not incredible. Cf. *Bratburd v. State*, 193 Md. 352, 356. The testimony as to the markings on the bags is strikingly like that quoted in *Rucker v. State*, 196 Md. 334, 338. The trial judge was, of course, not bound to accept the explanation of the accused. Even without expert testimony he could properly draw inferences unfavorable to the accused from his possession of unusually large sums of money, and smaller sums in separate containers of a type frequently associated with lottery bearing notations strongly suggesting the same source. We cannot say that the finding of the trial judge was clearly wrong.

*Judgment affirmed, with costs.*